**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MANUEL CUETO-REYES, GEORGE MURILLO, MARTIN HERALDEZ, and CARLOS ARANCIBIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALL MY SONS MOVING COMPANY OF LV., aka ALL MY SONS MOVING AND STORAGE OF LAS VEGAS, INC., doing business as ALL MY SONS MOVING AND STORAGE; DOES I through X, and ROE BUSINESS ENTITIES XI through XX,<br><br>    Defendants. | 2:09-CV-2299-ECR-RJJ<br><br><br>**Order** |

Plaintiffs in this wage and hour class action allege violations of various state and federal laws. Now pending is Defendants' motion to dismiss (#25) Plaintiffs' first amended complaint (#19).

The motion is ripe, and we now rule on it.

### I. Background

Defendants are in the business of moving personal property. (Am. Compl. ¶ 7 (#19).) Plaintiffs are employees of Defendants, working in several capacities, including driver, mover, and laborer. (Id. ¶¶ 1-4.) Plaintiffs claim that Defendants violated state and federal wage and hour laws in various respects, including failure to pay wages for time worked (id. ¶¶ 10-13, 17), failure to pay mandatory overtime (id. ¶¶ 14-15), and requiring drivers to obtain commercial driver's licences at their own expense (id. ¶ 18). Plaintiffs seek to bring their claims on their own behalf and on

behalf of a class of similarly situated individuals employed by Defendants during the period between January 1, 2005, and the present. (Id. ¶ 24.)

Plaintiffs filed their complaint in Nevada state court on November 5, 2009. On December 4, 2009, Defendants removed the action to federal court, invoking our federal question jurisdiction. (Petition for Removal (#1).) On March 25, 2010, we issued a minute order (#17) denying Plaintiffs' motion to remand (#10).

On December 11, 2009, Defendants filed a motion to dismiss (#5) the original complaint, and a motion to strike (#6) aimed at Plaintiffs' class claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. On April 5, 2010, we granted Defendants' motion to dismiss (#5) and granted in part and denied in part Defendants' motion to strike class claims (#6). Plaintiffs were given twenty one days to file an amended complaint.

Plaintiffs filed a first amended complaint (#19) on April 26, 2010. All of Plaintiffs' substantive claims are jumbled together under Plaintiffs' "First Cause of Action," entitled "State and Federal Wage and Hour Violations." (Am. Compl. ¶¶ 39-44.) Plaintiffs claim Defendants have violated Nev. Rev. Stat. §§ 608.016, 608.020, 608.140, and FLSA § 207. (Id. ¶¶ 39-42.)

Defendants filed a motion to dismiss (#25) Plaintiffs' first amended complaint (#19), Plaintiffs opposed (#26), and Defendants replied (#27).

2

## II. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

3

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Analysis

Defendants' motion to dismiss (#25) seeks dismissal of each of Plaintiffs' claims under Nev. Rev. Stat. §§ 608.016, 608.140, and 608.020.  Defendants also request that we strike Plaintiffs' demand for punitive damages.

A. Claim Regarding Unpaid Wages Under Nevada Law

Plaintiffs allege that Defendants violated Nev. Rev. Stat. § 608.016 by "failing and refusing to pay to the Plaintiffs herein the honest and true wages for each and every hour that they have been employed and worked for the Defendants." (Am. Compl. ¶ 39. (#19).) Defendants challenge this claim by asserting that Plaintiffs are attempting to circumvent our prior holding that Plaintiffs have no private right of action for overtime and meal and rest periods. (Mot. to Dismiss Pls' First Am. Compl. at 10. (#25).)  We decided in our April 5, 2010 Order (#18) that there is no private right of action to bring suit for violations of Nev. Rev. Stat. § 608.019 and § 608.018 for failure to provide meal and rest periods and to pay overtime wages.  (Order at 5, 7 (#18).)  The dismissal of those claims, however, does not require dismissal of Plaintiffs' claim for unpaid wages in the amended complaint.  The Supreme Court of Nevada distinguishes actions to recoup unpaid wages, for which suits may be brought in court, from claims arising under different provisions of the Nev. Rev. Stat. for which there are no private causes of action.

5

Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 105 n.33 (Nev. 2008).

As we noted in our previous order, in Nevada, "the Legislature has entrusted the labor laws' enforcement to the Labor Commissioner, unless otherwise specified." Id. at 102. Actions to recoup unpaid wages fall under the "otherwise specified" exception. See id. at 105 n.33. Nev. Rev. Stat. § 608.140 provides that:

> Whenever a[n] . . . employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, . . . , the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.

Section 608.140 expressly recognizes civil enforcement acts to recoup unpaid wages. While Defendants argue that Plaintiffs are attempting to characterize the same factual allegations that were the basis of their dismissed claims for meal and rest periods and overtime pay as unpaid wages, Plaintiffs' claims that they were, *inter alia*, required to work before and after their work day without pay and required to work during meal and rest breaks without pay are sufficient to state a cause of action for unpaid wages under Nevada law. See Baldonado, 194 P.3d at 105 n.33. Thus, Plaintiffs' claim for unpaid wages under Nev. Rev. Stat. § 608.016 survives.

6

B. Claims Under Nev. Rev. Stat. §§ 608.020, 608.140

Plaintiffs also seem to assert claims for violations of Nev. Rev. Stat. § 608.020 and § 608.140. The confusion lies in the manner in which Plaintiffs' complaint is composed. All of Plaintiffs' substantive claims are jumbled together under Plaintiffs' "First Cause of Action." Defendants attack the claims under Nev. Rev. Stat. § 608.020 and § 608.140 on the basis that there is no private right of action for alleged violations of those sections. Indeed, the very language of Nev. Rev. Stat. § 608.140 does not lend itself to violations by the Defendants. Nev. Rev. Stat. § 608.140 provides that when an employee brings suit for unpaid wages, the court "shall allow to the plaintiff a reasonable attorney fee." Plaintiffs concede this point, arguing that "Plaintiffs have properly pleaded attorney's fees in their First Amended Complaint, in the Prayer for Relief, and not as an independent cause of action." (Pls' Opp. at 3 (#26).)

We would like to note that the confusion is entirely of Plaintiffs' making. Plaintiffs allege that the language in their first amended complaint, that "[t]he Defendants have and continue to violate 608.140 . . ." by no means provides for a separate cause of action. (Id.) However, by including all their claims under Nevada law and federal law in their first cause of action, Plaintiffs' allegation that Defendants violated Nev. Rev. Stat. § 608.140 appears to be another claim or cause of action. We suggest that Plaintiffs organize future complaints in a more easily readable manner by separating claims into different sections, rather than jumbling all claims under one section, when they intend that some of

7

those claims should be causes of action and others merely factual bases for Plaintiffs' prayers.

Plaintiffs also concede that their claim that Defendants violated Nev. Rev. Stat. § 608.020 "provides a factual basis for the prayer and is not alleged as a separate cause of action." (Id. at 4.)

Therefore, we conclude that to the extent that Plaintiffs' amended complaint (#19) can be read to assert claims under Nev. Rev. Stat. §§ 608.140 and 608.020, those claims shall be dismissed.

### C. Plaintiffs' Request for Punitive Damages

Defendants request that we strike Plaintiffs' request for punitive damages if we dismiss Plaintiffs' claims under Nevada law.  Since Plaintiffs' claim for unpaid wages under Nev. Rev. Stat. § 608.016 survives, we deny Defendants' request to strike Plaintiffs' request for punitive damages.

### D. Claims Under the FLSA

Plaintiffs also assert claims based on alleged violations of FLSA § 207(a)(1) & (2) for failure to pay overtime wages and failure to pay wages for meal and rest breaks during which Plaintiffs were forced to work.  We dismissed Plaintiffs' similar claims in our previous order because the claims, as pleaded, were insufficient. Defendants do not request that we dismiss Plaintiffs' claims under the FLSA as pleaded in the amended complaint.  Therefore, the claims under the FLSA survive.

/ / /
/ / /
/ / /

## IV. Conclusion

Nevada law distinguishes between actions to recoup unpaid wages and actions seeking damages for overtime pay or failure to provide meal or rest periods.  Actions to recoup unpaid wages are expressly allowed, and thus, Plaintiffs' claim under Nev. Rev. Stat. § 608.016 to recoup unpaid wages survives. Since Plaintiffs' claim under Nevada state law for unpaid wages survives, we deny Defendants' request to strike Plaintiffs' request for punitive damages.  Plaintiffs' claims under Nev. Rev. Stat. §§ 608.140 and 608.020 shall be dismissed on the basis that Plaintiffs concede those claims were never meant to be causes of action, merely factual bases for claimed damages.  Defendants do not request that we dismiss Plaintiffs' claims under the FLSA.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion to dismiss (#25) is **GRANTED IN PART AND DENIED IN PART** on the following basis:  Plaintiffs' claim under Nev. Rev. Stat. § 608.016 survives, Plaintiffs' claims under Nev. Rev. Stat. §§ 608.140 and 608.020 shall be dismissed.  Plaintiffs' request for punitive damages survives.

DATED: November 10, 2010.

_____
UNITED STATES DISTRICT JUDGE

9